

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-87,613-09 through -12

### EX PARTE PEGGY SUE BUTLER, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. A15412-3, A15473-3, A15474-3, AND A15475-3 IN THE 216th DISTRICT COURT
### FROM KERR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four separate delivery of a controlled substance in a drug free zone offenses. She was sentenced to twelve years' imprisonment in Cause No. A15412 and twenty years' imprisonment in the remaining cause numbers. The Fourth Court of Appeals dismissed her appeals. *Butler v. State*, Nos. 04-17-00497-CR through 04-17-00500-CR (Tex. App.—San Antonio Jan. 3, 2018) (not designated for publication).

Applicant contends, among other things, that her trial counsel rendered ineffective assistance because he recklessly advised Applicant to enter open pleas of guilty when the State lacked solid evidence of her guilt, failed to conduct an independent investigation, failed to file pre-trial motions including motions to suppress the evidence, failed to challenge the legality of the State's evidence and pursue a valid defense, failed to argue that the State could not meet its burden of proof, failed to request an expert to challenge the State's evidence, failed to challenge the drug free zone allegations, failed to object to the amending of the pre-sentence investigation report, failed to object to Applicant not being allowed to her withdraw her pleas of guilty, failed to interview Applicant's co-defendants and other witnesses, and he allowed Applicant to waive her right to appeal.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:　　　December 12, 2018
Do not publish